IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GABRIEL OLIVIER

  Plaintiff

vs.             Civil Action No. 3:21-cv-636-HTW-LGI

CITY OF BRANDON, MISSISSIPPI, and
WILLIAM A. THOMPSON, JR., individually and
in his official capacity as Chief of Police for
Brandon Police Department

  Defendants

### AFFIDAVIT OF WILLIAM THOMPSON

STATE OF MISSISSIPPI
COUNTY OF RANKIN

  PERSONALLY CAME AND APPEARED before me, the undersigned authority in and for the jurisdiction aforesaid, the within named WILLIAM THOMPSON, who having been duly sworn by me stated on his oath the following, to-wit;

1. My name is William Thompson. I am adult resident citizen of Rankin County, Mississippi. I have personal knowledge of the facts and matters set forth herein.

2. I am the Chief of Police of the Brandon Police Department. I have served in this capacity since before the opening of the Brandon Amphitheater in 2018. In this capacity I have operational command of all law enforcement operations in the City of Brandon, including the Amphitheater. Since the opening of the Amphitheater, Lt. Beau Edgington has been tasked with tactical command of all law enforcement operations at the Amphitheater.

3. As part of my duties as Chief of Police, I evaluate traffic and crowd control outside of the Amphitheater prior to, during and after ticketed concert events and coordinate with tactical command with respect to matters involving public safety with respect to the Amphitheater. From and after the opening of the Amphitheater I engaged in a continuous review process and ordered necessary adjustments to better provide for the efficient and safe flow of vehicular traffic and the safety of pedestrians, event attendees, law enforcement personnel and others associated with the Amphitheater. As part of this

Page 1 of 3

Exhibit 1

review and adjustment process, on the day of an event, approximately three (3) hours before the Amphitheater is opened to the public and one (1) hour after an event is concluded, vehicular and pedestrian traffic at the Amphitheater is significant and requires the active participation of traffic control officers and other venue personnel to insure, as reasonably practical, the safety of event attendees and the general public, and law enforcement officers. On days of an event and during the times referenced herein-above, Plaintiff with his group of protestors have been observed engaged in public protests at the intersection of Boyce Thompson Drive and Rock Way which is the main entrance to the Amphitheater and interfered with the police officer stationed at this location directing traffic and impeded the flow of the vehicular and pedestrian traffic which created a safety hazard for the police officer, event attendees and the protestors at this congested intersection.

6.    On occasions prior to May 1, 2021, I had observed Plaintiff and other protestors with him during events at the Amphitheater located at the intersection of Boyce Thompson Drive and Rock Way with signs, literature and voice amplification devices. I observed that they would speak to event attendees through a voice amplification device at various points including as they attempted to cross Boyce Thompson Drive and as they attempted to access the sidewalk where the protestors were standing. I observed that this conduct impeded the duties of the police officer assigned to this intersection to direct vehicular and pedestrian traffic causing serious traffic concerns further complicating an already complex situation. The intersection of Boyce Thompson Drive and Rock Way is the main entrance intersection to the Amphitheater and is used predominately by event attendees. I received numerous complaints from event attendees about the comments made to them by Plaintiff and other protestors with him including calling event attendees them Jezebels and whores.

7.    On May 1, 2021 an event featuring Lee Brice and Parmalee was held at the Amphitheater. The event was scheduled to begin at 8:00 p.m. The venue was opened to event attendees at 6:00 p.m. At approximately 6:00 p.m., Plaintiff and the others in his group, including Byran David Peden, arrived at the Amphitheater. Based on prior experience, it was reasonably expected that Plaintiff and the others in his group intended to protest at the intersection of Boyce Thompson Drive and Rock Way. I approached Plaintiff and the others and made inquiry of their knowledge of the ordinance. Plaintiff, the *de facto* spokesperson for the group, advised that he was aware of and had read the subject ordinance. In an effort to avoid any confusion in this respect, I provided a copy of the subject ordinance to Plaintiff and identified the designated Protest Area. At approximately 6:20 p.m., Plaintiff and the others in his group were then observed by me proceeding toward the Protest Area, stopping well short of the same, having a discussion and then proceeding to the sidewalk at the intersection of Boyce Thompson Drive and the western entrance of Rock Way which is in the designated Restricted Area where they remained. At no time relevant did I observe Plaintiff or the other members of his group

enter into the Protest Area. Having set up in the Restricted Area as noted, I observed Plaintiff and the others in his group begin to engage in protest activities and to initiate interactions with event attendees and the officer who was then present directing pedestrian and vehicular traffic with the use of at least one voice amplification device. I became aware that the officer was unable to hear radio traffic because of the noise generated from Plaintiff and the group, and had radioed for assistance and I responded. As I approached Plaintiff and his the others in his group, I observed that they had large poster signs, were using voice amplification devices to make comments to event attendees and were attempting to hand out literature to those attempting to pass by on the sidewalk and I observed that some in Plaintiff's group had body cameras or other recording devices on their persons, all conduct common to protestor groups. I observed that the Plaintiff and his group were obstructing the sidewalk and that pedestrians in an effort to avoid Plaintiff and his group, were forced to leave the sidewalk and walk in the street around them. I then advised Plaintiff and the others in his group that they needed to relocate to the designated Protest Area to continue to protest in the Restricted Area during the restricted period. Plaintiff complained to me that in requiring their relocation to the Protest Area, the City was preventing them from protesting and violating their right to protest. Failing to adhere to my command to cease protesting in the Restricted Area except for in the designated Protest Area, the Plaintiff and another member of the group, Bryan David Peden were arrested and charged with violating the subject ordinance. A copy of my report in this respect is attached hereto as Exhibit "A".

8.    On June 23, 2021, Plaintiff appeared in Brandon Municipal Court, with counsel, and entered plea of nolo contendere to the charge of violating the subject ordinance whereupon the municipal court found Plaintiff guilty. Plaintiff did not appeal this conviction. A copy of the Court Abstract and Order of the Court is attached hereto as Exhibit "B".

9.    In preparation for municipal court, I prepared a Power Point presentation/slide show with pictures of the protestors and the relevant areas referenced in the subject ordinance, a copy of which is attached hereto as Exhibit "C".

10.    Further affiant sayeth not.

_William A Thompson_
William Thompson

SWORN TO AND SUBSCRIBED BEFORE ME, this the _18th_ day of October, 2021.

_____
Notary Public

(Seal)

Page 3 of 3

| *Brandon Police Department* | *21 - 00000648-001* |

## Narrative

On May 1st, 2021, at approximately 1854 hours, I, Officer Langston, was dispatched to the Brandon Amphitheater in reference to two white males violating the city ordinance.

On the evening of May 1, 2021, a live concert event was held at the Brandon Amphitheater featuring Lee Brice and Parmalee. The Event was scheduled to begin at 8:00 p.m. The venue was opened to event attendees at 6:00 .pm. On May 1, 2021 at approximately 6:00 PM, I was advised by police radio that protesters had arrived at the Brandon Amphitheater located at 8190 Rock Way Brandon Mississippi. Lieutenant Beau Edgington and I met with Sergeant Brad Turner at the corner of Boyce Thompson and Rock Way. Sergeant Turner advised that he saw protesters arrive and that the group had parked in the parking lot across from the from the Amphitheater at the Quarry Park baseball fields.

Lieutenant Edgington and I drove across to the Quarry Park baseball fields in a golf cart to meet with the protesters and ensure they were aware of the city of Brandon ordinance Sec. 50-45 entitled "Designating a protest area and related provisions regarding public protests/demonstrations during events at the Brandon Amphitheater."

As we approached the group of would-be protesters, they all stopped what they were doing and waited for us to stop. I advised them that we needed to talk and allowed them time to activate their personal body cameras. I asked them if they were aware of the ordinance which says there was now a designated protest area.

A Caucasian male, Mr. Gabriel Oliver, appeared to be the leader or spokesman for the group. He advised that he was aware of and had read the ordinance. I gave Mr. Oliver a copy of the ordinance in case he and his follow protesters wanted to review it prior to beginning protest activities. While meeting with Mr. Oliver and his group I observed an amplification device as well as a large format picture of an aborted fetus. Lieutenant Edgington and I then left the area and headed back across Boyce Thompson to the amphitheater.

At 6:20 PM Lieutenant Edgington and I were approached by the contract parking attendant supervisor. She advised that the protesters were not happy with where the protest area was located. We then watched from a vantage point as the protesters proceeded from the west on the sidewalk along the south side of Boyce Thompson where the protestors could see their designated protesting area. They paused briefly and had a discussion that I could not hear then turned around and proceeded on the sidewalk to the intersection of Boyce Thompson and western entrance of Rock Way. Sergeant Turner who was busy directing traffic into and out of Rock Way and stopping traffic for the many concert goers who were crossing Boyce Thompson, radioed to us that he needed help with the protesters who were attempting to engage him in conversation. We were able to see from our vantage point that the protesters were in fact interfering with the duties of Sergeant Turner.

Lieutenant Edgington and I again approached the protesters who had crossed Boyce Thompson and were protesting in the northwest corner of Boyce Thompson and Rock Way.

As we approached the group, I observed a protester holding a large poster which had the picture of an aborted fetus on it. This protester also had a tube-shaped personal voice amplification device on a strap over his shoulder and a head set with a boom microphone which allowed him the ability to use both hands. The group was obstructing the sidewalk. Most who would have used the sidewalk avoided the protest group by cutting across the Lot A parking lot onto the sidewalk leading the box office north of the group.

I, William Thompson, again engaged Mr. Gabriel Oliver. He advised that the designated protest area did not allow them the opportunity to hand out literature, talk with patrons walking to the concert, and many would not hear what the protestors were saying. I did observe that I was being recorded from at least two body cameras. Mr. Oliver was advised they would have to move to the designated protest area, or they would have to leave. Mr. Oliver advised they were not protesters but that they were Christians. As indicated earlier, I observed protest material such as large posters of aborted fetuses, voice amplification devices, protest subject matter brochures, and the body cameras or other video recording devises commonly used by protesters.

Mr. Oliver advised that he believed the city of Brandon was violating their right to protest. Mr. Oliver, also, asked if where they were set up was a public sidewalk. I said that it was, but he still needed to go to the designated area or leave. I attempted to reason with Mr. Oliver, but my attempts were unsuccessful. He was advised that I did not make law and that I only enforce it. He was told again he needed to move the group to the protest area or leave. Mr. Oliver said, "is that under threat of arrest." This is a statement commonly used by protesters to bait law enforcement into a verbal confrontation. I replied in the affirmative that yes, they would be arrested if they did not move to the protest area or leave. The protester later identified as a Caucasian male, Mr. Bryan Peden, continued to yell into this boom mic and hold his aborted fetus poster. The other protesters did likewise.

It was at that time I realized that reasoning with Oliver was probably an attempt to bait myself of other officers into a confrontation which they could record and exploit. Mr. Oliver and Mr. Peden were taken into custody at that time. Upon seeing this the other protesters quickly packed up and proceeded across the street.

Officer Paige Ramage and Jarrot Langston arrived at the amphitheater to transport the suspects

Exhibit A

| Brandon Police Department | 21 - 00000648-001 |
|---|---|
| **Narrative** | |

to the Brandon Police Department for booking. The officers were given instructions, that after the suspects were booked, to release the suspects under their own recognizance.

Affidavits for Sec. 50-45 of Brandon City Ordinance "Designating a protest area and related provisions regarding public protests/demonstrations during events at the Brandon Amphitheater" were signed and sworn at Brandon Court Services.

There are two case numbers for this incident. Case number 210647 is for Bryan Peeden and 210648 is for Gabriel Oliver

Brandon Municipal Court
1455 West Government Street
Brandon, MS  39042
(601)825-7226   Fax: 601-825-8595
ABSTRACT OF COURT RECORD

Page: 1
Run Date: 06/25/2021

Name(L,F,M): OLIVIER, GABRIEL DAVID
Address........:
City/St/Zip....: TERRY, MS  39170

Citation Num....: 21-00000152
Docket Number: 21-0000000543
Date of Birth.....:

Officer: JL6664
SSN:
Gender: M    Race: W

License.......:               Issuance St: MS     CDL:
Status.........: TRIAL DOCKET

Date of Viol..: 05/02/2021        Viol Code:
Viol Desc.....: VCO - VIOLATION OF CITY ORDINANCE
Hearing Date: 06/23/2021
Disposition...: G - GUILTY          Plea: NOLO

Fine: $ 139.75              Cost: $ 32.50              Other: $ 131.75              Total: $ 304.00

VERDICT...: G ON VIOLATION OF CITY ORDINANCE
ATTY KELLY REPRESENTED. STATE MOTION TO SUSPEND 10 DAYS OF JAIL TIME UPON NO FURTHER VIOLATION OF THIS
ORDINANCE, PLED NOLO FOR PURPOSES OF APPEAL.

Paid in Full: NO
License Surrendered to Court: NO

Brandon Municipal Court
1455 West Government Street
Brandon, MS  39042
(601)825-7226   Fax: 601-825-8595

Court ID: 6101

Court Clerk:
Tara Yates

Agency Code: 6101
Def Attorney:

County: Rankin
Judge: Whitney
Adams

Remarks of Court:

Bail Forfeited [  ]                                    Appealed [  ]          Fine Paid [  ]

I certify that this is a true and correct copy of my court record as recorded

Case :  _____   Page: _____

Docket Number: 21-0000000543

Signed: _____   SEAL   _____ Municipal Court Clerk

Exhibit B

IN THE MUNICIPAL COURT OF THE CITY OF BRANDON, MISSISSIPPI

CITY OF BRANDON

VS.

Gabriel David Olivier

CASE # 21-0648

## ORDER

This cause came on to be heard on the charge(s) shown below. The Court finds that is has jurisdiction over the parties and the subject matter. On 6/23/2021 , the Court conducted an inquiry into the Defendant's ability to pay and determined the Defendant is not indigent as he has a job, car, bank account, and testified he is not indigent. ~~The Defendant declined representation by the public defender. The Defendant requested a payment plan.~~

On 6/23/2021 , at arraignment/trial/hearing, the Defendant was:
☑ Represented by Jim Kelly , who was retained by the Defendant.
~~☐ Represented by the Public Defender , who was appointed by this Court.~~
~~☐ Represented himself, pro se.~~
~~☐ Accompanied by , who is related to the Defendant .~~

And on said date the following occurred:
~~☐ The Defendant pled guilty after waiving his rights and the plea colloquy.~~
~~☐ The Defendant pled guilty with the assistance of counsel.~~
~~☐ The Defendant pled guilty and moved for non-adjudication by separate written petition.~~
☑ Defendant pled no contest for purposes of appeal with the assistance of counsel.
~~☐ A trial was held wherein the State and the Defendant introduced sworn testimony.~~
~~☐ The Defendant testified~~
~~☐ The Defendant did not appear despite notice. After finding that the Defendant had previously waived his rights, a trial was held and the State introduced sworn testimony.~~

IT IS THEREFORE, ORDERED AND ADJUDGED that the following disposition is made regarding the charges against the Defendant as follows:

1. Violation of City Ordinance (Ordinance 50-45)     $ 274.50
2. ABF-     $ 20.00
3. VBF-     $ 10.00
4.    Guilty     $
5.     $
6.     $

RESTITUTION to _____     $
TOTAL     $ 304.50

The Defendant is hereby sentenced to immediately pay the fine plus assessments indicated above. The Defendant shall pay $ 304.50 today and ~~$ per month until paid in full, beginning . The Defendant may participate in a Court approved Voluntary Work Program and receive $60.00 credit toward outstanding fines for each day of Court approved voluntary community service.~~

Page 1 of 2

considering the Prosecutor's recommendation, argument by Defendant and/or Counsel for Defendant, and any testimony, if any, the Court hereby finds substantial and compelling reasons why the Defendant cannot be safely and effectively supervised in the community. The Court finds that the Defendant is not amenable to community-based treatment, that an appropriate community based treatment is not available, and that the Defendant poses a significant risk to public safety and therefore sentences the Defendant to the following:

Charge: City Ordinance Violation 50-45

☑ Jail: ~~hours/days/months to serve with~~ 10 ~~hours/~~ days ~~/months~~ suspended.

☐ ~~MASEP; Victims Impact Panel; Domestic Violence Class; Something for Nothing Class; First Time Drug Offender Class. Said class shall be completed on or before~~ 

☐ ~~Submit to random drug and alcohol tests with no positive results.~~

☑ 12 month(s) Court supervised probation ~~and month(s) unsupervised probation.~~

☐ ~~No contact with~~

☑ Jail time shall remain suspended conditioned on one-year of no

~~Charge:~~ violation of City ordinance 50-45

☐ Jail: _____ hours/days/months to serve with _____ hours/days/months suspended.

☐ Domestic Violence Class; Something for Nothing Class; First Time Drug Offender Class. Said class shall be completed on or before _____ .

☐ Submit to random drug and alcohol tests with no positive results.

☐ _____ month(s) Court supervised probation and _____ month(s) unsupervised probation.

☐ No contact with _____

☐ _____ .

Any suspended sentences shall be conditioned upon full compliance with all provisions of this order and good conduct.

IT IS FURTHER ORDERED AND ADJUDGED that the Defendant shall appear in Court on the third Wednesday of each month at 2:00 p.m. for a review hearing until all fines and costs are paid in full and until all conditions of the original sentence are complied with, beginning on July 28, 2021 at 2 PM

☑ This Order shall be stayed for thirty (30) days.

_____
MUNICIPAL COURT JUDGE

6/28/2021
DATE

_____
DEFENDANT

☐ Defendant appeared via FaceTime
   from Rankin County Jail

_____
DEFENDANT'S ATTORNEY

_____
CITY PROSECUTOR



Exhibit C



Google Earth measurement / Distance from protest area to where protesters set up (walking route they took)

# Distance from protest area to where protesters set up (as the crow flies)





Demonstration Area

# Demonstration Area (2)



# Aerial Photo Protest Area





Demonstration Area Poster

# Cell Phone Photo of Protesters



# Corner of Boyce Thompson & Box Office



## Corner of Boyce Thompson & Box Office Road



# Aerial Phone Boyce Thompson & Box Office



# Imagery Clearly Indicating Location of the Protest Area As Published in Sec. 50-45 Brandon Code of Ordinance

